[No. 9693. Department Two. December 9, 1911.]

MARTHA ALICE SCAMMON, *Appellant*, v. RICHARD SCAMMON, *Respondent*.[1]

DIVORCE—DECREE—DISPOSITION OF PROPERTY—VACATION—MISTAKE —MERITS OF APPLICATION. A motion to vacate a decree of divorce in so far as it disposes of property rights, made on the ground of mistake and excusable neglect in presenting the case, is properly denied, where, after taking evidence and a full hearing, it appears that the former judgment was right and the moving party failed to substantiate her claims; any irregularities in the former proceeding being thereby cured.

Appeal from an order of the superior court for Kittitas county, Kauffman, J., entered April 21, 1911, denying plaintiff's motion to vacate a judgment, after a hearing on the merits before the court. Affirmed.

*Austin Mires, John Van Zante,* and *A. H. Tanner,* for appellant.

*E. K. Brown,* for respondent.

[1]Reported in 119 Pac. 383.

CHADWICK, J.—This is an appeal from an order denying a motion to vacate a judgment and decree of divorce in so far as it applies to property rights.

It appears that plaintiff instituted a suit, and the testimony to sustain her alleged grounds of divorce was heard by the court, and that thereafter defendant was brought in to make disclosure of the common property. Plaintiff says that she had expected to be present at this hearing, and had furnished her attorney a list of witnesses who, had they been subpoenaed, would have given evidence to sustain her allegations that the community was possessed of a money-making business and of property aggregating in value $8,000 or more. The defendant appeared, and was examined by counsel for the respective parties, but neither plaintiff nor her witnesses were present. Her attorney had informed her by wire that her presence would not be necessary. The court decreed a divorce, gave the community property, subject to debts, to defendant, and charged him with the payment of suit money and an allowance of alimony of $25 per month.

After several months, plaintiff filed her motion, supported by sworn petition, in which she sets up several statutory grounds for the vacation of decrees and judgments, the gist of her petition being that she had, by reason of the oversight, neglect, or design of her then attorneys, been deprived of making a showing that would have sustained the allegations of her complaint with reference to the character and extent of the property. This petition came on for hearing, both parties appearing and being represented by present counsel. The plaintiff and several witnesses, some of whom she says she had expected to testify in her behalf on the former hearing, were called and gave evidence. Defendant was a witness in his own behalf. The issue as to the property was fairly tried out; and, in the judgment of the trial judge, in which judgment we concur, plaintiff failed utterly to substantiate her assertions that the community had been possessed of property of any considerable value over existing in-

debtedness. Whatever irregularities may have occurred in the former proceeding which might have tended to the prevention of a fair trial, it is clear to us that they were all cured by the subsequent proceedings and the hearing upon the petition to vacate. Nor do we find merit in the contention that the evidence is insufficient to warrant the present order of the court. The court was open and both parties might have made, and we must presume they did make, all the showing at their command. An order denying the motion to vacate as made in this case is equivalent to a decree on the merits; and being sustained by the weight of evidence, must be affirmed.

Judgment affirmed.

DUNBAR, C. J., MORRIS, CROW, and ELLIS, JJ., concur.